IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 04-103-SLR |
| | ) | |
| JACKIE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Colm F. Connolly, United States Attorney and Christopher J.
Burke, Assistant United States Attorney, United States Attorney's
Office, Wilmington, Delaware.  Counsel for Plaintiff.

Mark S. Greenberg, Esquire of Lacheen, Dixon, Wittels and
Greenberg, LLP, Philadelphia, Pennsylvania.  Counsel for
Defendant.

**MEMORANDUM OPINION**

Dated: June 14, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On February 23, 2006, a jury found defendant Jackie Johnson

guilty of possession with intent to distribute more than 50 grams

of cocaine base in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A).[1]  (D.I. 54)  Before the court is defendant's motion

for judgment of acquittal and new trial pursuant to Fed. R. Crim.

P. 29 and 33.  (D.I. 58)  Defendant contends that, during trial,

the court committed errors that mandate a new trial or a judgment

of acquittal.  Plaintiff United States of America has filed its

opposition, to which defendant has not filed a reply.  (D.I. 66)

The court has jurisdiction pursuant to 18 U.S.C. § 3231.  For the

reasons that follow, defendant's motion is denied.

## II. BACKGROUND

Considering that defendant's assignment of error implicates

trial events, a recitation of some pertinent trial testimony is

necessary for the court's analysis.  Specifically, as part of

plaintiff's case, Delaware State Police Detective Dan Wright

testified that on December 30, 2003, he arrested an individual

---

[1]On September 28, 2004, a federal grand jury returned a one
count indictment charging defendant with possession with intent
to distribute more than 50 grams of a substance containing
cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A).
(D.I. 1)  Defendant pleaded not guilty to the charge, and a two
day jury trial commenced on February 22, 2006.  (D.I. 51)

2

for a drug trafficking offense.[2]  (D.I. 62 at 83)  This person
agreed to cooperate with law enforcement as a confidential
informant ("CI").  (Id. at 84-85)  The CI agreed to place
monitored telephone calls to defendant to discuss payment for
drugs previously given to the CI, as well as to negotiate and
arrange another drug purchase from defendant.[3]  (Id. at 88)
Specifically, the CI informed defendant that he had the money to
pay defendant for drugs previously supplied and that he - the CI
- needed additional drugs for other customers.  (Id. at 89)

Over the course of several phone conversations, the CI and
defendant discussed a date and time to meet to consummate the
aforementioned transactions.  (Id. at 91)  They agreed to meet
the next day at a shopping mall located in New Castle County,
Delaware.  (Id. at 99)  Delaware State Police ("DSP") made
tactical plans to monitor this meeting and potential drug
transaction.  (Id. at 91-93)

On December 31, 2003, approximately 20 DSP officers set up
surveillance at the shopping mall.  (Id. at 100)  The CI,
accompanied by Wright and another state police officer, traveled
in an unmarked car to the mall.  (Id.)  Eventually, defendant

---

[2]Plaintiff called seven witnesses during its case-in-chief.

[3]The specific phone conversations and circumstances
surrounding the calls were discussed in detail in the court's
memorandum order that denied defendant's motion to suppress
evidence.  (D.I. 30)

3

arrived and was observed driving through and around the mall parking lot, without stopping or parking and, ostensibly, checking the area for law enforcement. (Id. at 133-146) Defendant's activity was monitored for several minutes before DSP decided to stop the vehicle. (Id. at 148, 164)  Inside the car, sticking out from the armrest, DSP officers observed a "plastic sandwich bag containing a chunk of white powdery substance." (Id. at 167)  A field test identified the substance ("drugs") as cocaine weighing 272.3 grams. (Id. at 167-168, 170)  Defendant was arrested and taken into custody. (Id. at 149)

In March 2004, DSP sent the drugs to the Drug Enforcement Administration ("DEA"). (Id. at 176)  DEA Agent David Hughes testified that he processed the drugs into evidence and recorded the weight as 260.2 grams. (Id. at 186, 193, 195)  The drugs were subsequently transferred to DEA's Northeast Regional Laboratory ("Laboratory") for additional testing. (Id. at 188)

DEA Senior Forensic Chemist Jack Fasanello testified that he examined and weighed the drugs at the Laboratory.[4]  (Id. at 205) Fasanello concluded the drugs were crack cocaine base and weighed 260.1 grams. (Id. at 207, 211; GX1)  Following cross-examination, Fasanello was excused as a witness. (Id. at 212)

---

[4]Fasanello has been employed as a DEA chemist for over 36 years and performed tens of thousand of drug analyzes. (Id. at 197, 208)

4

Delaware State Police Detective Donald Pope next testified. (Id. at 214) Pope described the method for processing cocaine into crack cocaine base ("crack"). He also explained how crack is packaged and sold, as well as the typical dosage used by an individual user (.2 grams) and price charged for the same ($20). (Id. at 222; 224-227; 233-234) During cross-examination, Pope demonstrated the size of 12 grams of crack cocaine.[5] (Id. at 233-234)

Following Pope's testimony, the court excused the jury for the day, and conducted the charge conference. (Id. at 235-236) Only minor revisions were made to the court's proposed jury instructions. The next morning, however, plaintiff advised the court that before closing its case, it wished to recall Fasanello to testify, briefly, about whether the weight of crack cocaine can change over time. (Id. at 240, 241) Defendant objected to the recall for several reasons: (1) Fasanello had been excused as a witness; (2) Fasanello's proposed testimony would not be rebuttal testimony because plaintiff wanted him to address issues not touched upon during cross-examination; and (3) it would be

---

[5]Defendant apparently solicited this testimony and demonstration to show the jury the size of 12 grams of crack cocaine - the difference between the weight of the drugs as measured by DSP on December 31, 2003 and the weight of the drugs when measured by DEA on April 1, 2004. (Id. at 248) This discrepancy formed the basis of defendant's argument that the drugs offered into evidence by plaintiff were not the same drugs recovered at the scene.

5

unfair to allow defendant another opportunity with the same witness. Relatedly, defendant argued that, prior to plaintiff's request to recall Fasanello, he was given a report by plaintiff that explained the weight loss of the drugs. This late disclosure of the report, defendant asserted, made it impossible for him to obtain an expert to review the report in time to testify. (Id. at 235) As a result, defendant requested a continuance to retain an expert and to determine whether Fasanello's proposed testimony was correct. (Id. at 246) Plaintiff opposed the continuance request.

After a brief recess, the court ruled that it was unnecessary to continue the trial and Fasanello could be recalled as a witness because: (1) plaintiff had not closed its case; (2) both sides had notice of the weight discrepancy before trial; and (3) defendant had consulted an expert to analyze the drugs. (Id. at 253) The court further found that defendant would not be prejudiced by Fasanello testifying on recall.

In response, defendant requested a reopening of the charge conference. (Id. at 254) He argued for the inclusion of a charge on a lesser included offense or an alternative offense. Relying on DSP testimony that a preliminary field test on the drugs came back positive for cocaine and not cocaine base, defendant urged the court to add an alternate instruction

6

allowing the jury to find that the drugs were cocaine and not
cocaine base.[6]

Although initially inclined to grant defendant's request,
the court ultimately denied the inclusion of a lesser included
offense charge because of concerns that it was an offense not
charged in the indictment by the grand jury. (Id. at 263-265)
The court also expressed concerns over whether a preliminary
field test that was positive for cocaine was a sufficient basis
to even support a conviction. Thereafter, plaintiff recalled
Fasanello to the stand. He was asked two questions on direct
examination.[7] After defendant's cross-examination of Fasanello,
plaintiff then rested its case.[8]

## III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29(c)(1) provides that
following a jury verdict, "a defendant may move for a judgment of

---

[6]The importance of this charge is evidenced by the
differences in the associated penalties. Specifically, a
defendant found guilty for possession with intent to distribute
cocaine base under 21 U.S.C. § 841(a)(1) and (b)(1)(A), faces a
maximum sentence of life imprisonment. Conversely, a defendant
found guilty for possession with intent to distribute cocaine
under 21 U.S.C. § 841(b)(1)(A), faces a maximum sentence of 20
years.

[7]Essentially, Fasanello averred that, over time, the weight
of crack cocaine can change: "Moist exhibits of cocaine base or
crack tend to lose substantial quantities of the moisture even
though they're packed in hermetically sealed plastic bags and
that is just by evaporation." (Id. at 267)

[8]Defendant exercised his right not to testify or to present
a defense.

7

acquittal." In ruling on a motion for judgment of acquittal, the "court must review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005)(quoting United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002)). "A finding of insufficiency should be confined to cases where the prosecution's failure is clear." Id. Courts must be "vigilant not to usurp the role of the jury by weighing credibility and assigning weight to the evidence or by substituting its judgment for that of the jury." Id. at 133.

Fed. R. Crim. P. 33 allows a court, upon motion of a defendant, to grant a new trial if mandated by the interests of justice. United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003). A court may order a new trial where the jury's verdict is contrary to the weight of the evidence only if the court believes that there is a serious danger of a miscarriage of justice, that is, an innocent person has been convicted. United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002). In reviewing a R. 33 motion, the court exercises its own judgment in assessing the case against the defendant and the decision to grant a new trial is vested within the court's sound discretion. Johnson, 302 F.3d at 150; United States v. Mastro, 570 F. Supp. 1388, 1390 (E.D. Pa 1983).

8

## IV.   DISCUSSION

### A.   Fasanello's Testimony

Defendant moves for new trial arguing that the court abused its discretion in allowing plaintiff to recall Fasanello to testify that crack cocaine packaged in a hermetically sealed plastic evidence bag can lose weight over time because the moisture in the bag evaporates into the air.  (D.I. 58)  Although defendant admits that Fasanello was qualified as an expert in the qualitative and quantitative analysis and chemical composition of cocaine/cocaine base, defendant submits that Fasanello's expertise did not extend to the "physical properties of plastics and the ability of moisture to pass through a hermetically sealed plastic bag."  (Id. at 1)  The court further abused its discretion, argues defendant, by denying a continuance of the trial to allow defendant the opportunity to consult an expert witness regarding Fasanello's conclusions.[9]

A court has broad discretion in allowing the recall of witnesses.  United States v. Coleman, 805 F.2d 474, 482 (3d Cir.

---

[9]According to defendant, at the time the motion was filed, he was having an expert evaluate Fasanello's testimony to determine "whether the court's ruling prejudiced" him.  (D.I. 58 at 1-2)  If defendant's expert refuted Fasanello's testimony, defendant requested a hearing to allow his expert to testify.  It is unclear what, if anything, this defense expert concluded because defendant never supplied any further argument or report on this issue nor was a reply filed to plaintiff's opposition brief.

9

1986); <u>United States v. Erickson</u>, 75 F.3d 470 (9th Cir. 1996).
This wide discretion extends even where a witness has consulted
with the prosecutor in between the original testimony and the
recall. <u>United States v. Rucker</u>, 557 F.2d 1046, 1049 (4th Cir.
1977).

Applying this authority to the trial record, there is
nothing to demonstrate that defendant was prejudiced by allowing
plaintiff to recall Fasanello. Significantly, plaintiff had not
closed its case when the request to recall Fasanello was made.
The proposed testimony was relevant and not cumulative to the
issue of whether the weight of crack cocaine can change over
time. This issue was raised by defendant and plaintiff used
Fasanello to explain what may have happened to the missing 12
grams. After Fasanello testified on recall, defendant cross-
examined him and, in fact, had the opportunity to challenge this
testimony.

Similarly, defendant's contention that he was prejudiced by
the court's denial of a continuance to allow him to consult
experts is without merit. "Denying a request for continuance
constitutes an abuse of discretion only when it is so arbitrary
as to violate due process." <u>United States v. Kikumura</u>, 947 F.2d
72, 78 (3d Cir. 1991); <u>United States v. Irizarry</u>, 341 F.3d 273,
305-306 (3d Cir. 2003)(no abuse of discretion by trial judge in
denying request for continuance because defendant had notice of

10

all of government's allegations and charges, and defendant failed to demonstrate any prejudice resulting from the denial).

The record reflects that, before the commencement of trial, the court granted defendant's request to have the drugs examined by his own expert and permitted several continuances to allow for this testing and for consultation with the expert. (D.I. 32, 37) Pre-trial discovery provided by plaintiff noted the differences in the weight of the drugs. Further, in a letter to defense counsel, plaintiff advised that Fasanello would testify as "an expert in the qualitative and quantitative analysis and chemical composition of cocaine/cocaine base, as well as for his expertise in analyzing the evidence in this case...." (D.I. 58, Ex. A) The use of the words "quantitative and qualitative" suggest that Fasanello might opine on the weight difference. As a result of this notification, defendant had the opportunity and presumably did consult experts pre-trial to ready testimony and to rebut any conclusions about the weight differences.

**B. Jury Charge**

As a third ground for relief, defendant asserts that the court erred in not instructing the jury on the additional charge of whether defendant possessed cocaine with the intent to distribute. Because the DSP field test was positive for cocaine, defendant contends there was some evidence in the record to support the requested instruction on possession of cocaine with

11

the intent to distribute. Defendant argues he was prejudiced because, had the jury found him guilty of possession of cocaine with the intent to distribute, instead of possession of cocaine base with the intent to distribute, he would not be facing a mandatory minimum sentence of 20 years of incarceration. Further, the requested charge was "directly relevant to his defense that the object seized from the vehicle was not the object analyzed by DEA." (D.I. 54 at 2)

The court is afforded wide latitude in formulating jury instructions. United States v. Sdoulam, 398 F.3d 981, 993 (8th Cir. 2005). A jury instruction may contain a lesser included offense "only if the evidence adduced at trial could support a guilty verdict on either charge." Government of the Virgin Islands v. Knight, 989 F.2d 619, 632 (3d Cir. 1993). As noted initially at the trial, the court remains unconvinced that the results of a field test - a preliminary tool to determine the presence of narcotics - is conclusive evidence of the identity of the drugs in issue. There was nothing presented to demonstrate that a field test is a reliable, trustworthy or conclusive test for analyzing narcotics. Conversely, after conducting testing at the DEA Laboratory, Fasanello testified unequivocally that the drugs were crack cocaine base. (D.I. 62 at 204, 207) Morever, DSP officers and the DEA agent testified that the drugs exhibited characteristics that resembled crack cocaine. (Id. at 185; 168-

12

171) Based on this trial evidence, there was insufficient
evidence to warrant inclusion of a jury charge on possession of
cocaine with intent to distribute.

Morever, The Third Circuit has concluded that "a lesser
included offense is one that does not require proof of any
additional element beyond those required by the greater offense."
Government of the Virgin Islands v. Bedford, 671 F.2d 758, 765
(3d Cir. 1982). Drug identity is an element of the offense if a
defendant would be exposed to a greater punishment depending on
factual finding regarding the identity of the drugs. United
States v. Barbosa, 271 F.3d 438, 454-57 (3d Cir. 2001).
Considering that the proposed instruction would require proof of
a different element than the original offense charged, i.e., the
identity of the drugs as cocaine and not as cocaine base,
rejection of the proposed lesser included offense was
appropriate.

## C.    Judgment of Acquittal

As his fourth argument for relief, defendant renews his
motion for judgment of acquittal because "the evidence was
insufficient as a matter of law to sustain the verdict." (D.I.
58) Having considered the entire record in the light most
favorable to plaintiff, first as the trial court and again in
reviewing this motion, it is evident that there were sufficient
facts from which the jury could find defendant guilty.

13

Specifically, there was credible and uncontradicted testimony that defendant brought the drugs to the shopping mall on December 31, 2003 to consummate a pre-arranged drug transaction with the CI. Drugs were seized from defendant's car, after law officers observed him driving without stopping or parking, in an apparent attempt to determine whether there were law enforcement in the area. The drugs tested positive as crack cocaine base and the quantity was too large for personal consumption. Finally, the 12 gram difference in the drug's weight was explained sufficiently, and without contradiction, by the only expert qualified to testify on the subject.

## D. Specific Instruction

Defendant asserts that the court erred by not specifically instructing the jury that "if plaintiff did not prove beyond a reasonable doubt that the substance introduced as an exhibit at trial was the same substance recovered from defendant's vehicle when stopped at the shopping mall, then it could not convict defendant."[10]  (D.I. 58 at 2)  Because a contemporaneous objection

---

[10]The jury charge read:

> The indictment charges the defendant with possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A).  For you to find the defendant guilty of this charge, the government must prove the following four elements:  First, that the defendant possessed a controlled substance; Second, that the defendant knew that he possessed some type of controlled substance; Third, that the defendant intended to distribute that substance; and Four[sic] that the

14

to the instructions was not made by defendant, the court's review of the instructions is limited to plain error.[11]  United States v. Cotton, 535 U.S. 625, 631 (2002); United States v. Gordon, 290 F.3d 539, 543-45 (3d Cir. 2002).  Plain errors are those that "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice."  United States v. Young, 470 U.S. 1, 16 (1985).  This standard is satisfied where the error is so blatant as to have affected the defendant's substantial rights. Id.  Further, courts should refrain from viewing the challenged instruction in a vacuum, but instead should consider the challenged instruction in light of the complete trial record and the instructions as a whole.  Id. at 16-17.

Reviewing the trial record with these principles in mind, defendant's proposed instruction was unwarranted.  The court's jury instruction explained the elements of the offense charged and emphasized that, in order to find defendant guilty, the jury must find that plaintiff proved each and every element of the offense beyond a reasonable doubt.  (D.I. 53)  The drugs in issue were introduced into evidence as plaintiff's exhibit GX1.  (D.I. 61)  If the jury did not believe that the drugs presented were

---

substance weighed more than 50 grams and contained a detectable amount of cocaine base.  (D.I. 53)

[11]Objections to jury instructions must be brought to the court's attention prior to the jury's deliberation.  Fed. R. Crim. P. 30(d), 52(b).

15

the same drugs found in defendant's vehicle, it could have found defendant not guilty. No additional instruction was necessary. Accordingly, the absence of a charge regarding the drugs found in defendant's vehicle and the drugs introduced into evidence did not undermine the fundamental fairness of the trial or contribute to a miscarriage of justice.

## V. CONCLUSION

For the reasons stated, defendant's motion for judgment of acquittal or new trial is denied. An appropriate order shall issue.

16