IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 04-103-SLR |
| | ) | |
| JACKIE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

---

Colm F. Connolly, United States Attorney and Christopher J. Burke, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware. Counsel for Plaintiff.

Mark S. Greenberg, Esquire of Lacheen, Dixon, Wittels and Greenberg, LLP, Philadelphia, Pennsylvania. Counsel for Defendant.

---

**MEMORANDUM OPINION**

Dated: December 11, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On October 11, 2006, defendant Jackie Johnson appeared for sentencing on his conviction of possession with intent to deliver more than 50 grams of a substance containing a detectible amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(a).[1] (D.I. 75) At the commencement of the proceeding, plaintiff filed an amended information ("Amended 851 Information") pursuant to 21 U.S.C. § 851.[2] (D.I. 74) Defendant argued that the original information had not been properly amended and, consequently, that he would neither affirm nor deny

---

[1] Title 21 U.S.C. § 841(b)(1)(A) provides: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more that life imprisonment."

[2] Title 21 U.S.C. § 851 states the circumstances by which a defendant may have his sentence increased due to a prior conviction and mandates that the United States Attorney provide notice to the defendant of the prior convictions to be relied upon for the increased sentence. Section 851(b) mandates that the court inquire, after conviction but before the imposition of sentence, whether the defendant affirms or denies that he has been previously convicted as alleged in the information. If the defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response" on which the court will hold a hearing. 21 U.S.C. § 851(c)(1). Any "challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2). If the defendant files no response to the information or if the court determines that the defendant is subject to the increased punishment due to his prior conviction, the court shall impose that increased sentence. 21 U.S.C. § 851(d)(1).

the alleged prior convictions outlined in the amended information. (D.I. 75, 39) The court postponed defendant's sentencing and ordered briefing on whether the information was properly amended and whether defendant had waived his ability to challenge those prior convictions. For the reasons discussed below, the court finds that the information was properly amended.

## II. BACKGROUND

Since the amended information addresses defendant's prior convictions, a summation of his criminal history, in this court, is warranted. Specifically, on May 14, 1996, defendant was charged in a seven count indictment with drug distribution offenses. (D.I. 76, ex. A; United States v. Jackie Johnson, Crim. No. 96-45-SLR). On December 26, 1996, plaintiff filed a three count superseding information. (Id. at ex. B) On the same date, defendant pled guilty to count IV of the indictment and counts I, II, and III of the superseding information. (Johnson, Crim. No. 96-45, D.I. 23) On September 23, 1997, defendant was sentenced to 10 years of incarceration. (D.I. 76, ex. C ("Judgment I") The United States Court of Appeals for the Third Circuit affirmed Judgment I. (Johnson, Crim. No. 96-45, D.I. 54)

Defendant subsequently instituted a 28 U.S.C. § 2255 action challenging his sentence. On October 27, 1999, plaintiff filed a second felony information charging defendant with a violation of 21 U.S.C. § 846. (D.I. 76, ex. D) Although the second felony

2

information involved the same conduct as was charged in count I of the superseding information, there was a notable difference: the drug referenced changed from "cocaine and cocaine base, a.k.a. 'crack'" to "cocaine and cocaine base" and the amount of drugs and the manner in which they were obtained was omitted. (Id.) Defendant pled guilty and was sentenced to 86 months of imprisonment. (Id. ex. E, "Amended Judgment")

On December 31, 2003, defendant was arrested on drug charges that later formed the basis of the indictment and prosecution at bar. At the time of his arrest, defendant was serving a term of supervised release imposed as part of the Amended Judgment and, as a result, the United States Probation Office filed a petition alleging defendant's arrest violated the terms of his supervised release. Following an April 26, 2004 hearing, the court found defendant guilty, revoked his supervised release, and sentenced him to 24 months of incarceration ("Second Amended Judgment").[3] (Johnson, Crim. No. 96-45-SLR, D.I. 83)

On September 28, 2004, a federal grand jury returned a one count indictment charging defendant with possession with intent to distribute more than 50 grams of a substance containing cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A).

---

[3]Defendant moved to vacate the sentence pursuant to 28 U.S.C. § 2255. (Jackson, Crim. No. 96-45-SLR at D.I. 85) His application for relief was denied by memorandum opinion dated February 2, 2006. (Id. at D.I. 99)

(D.I. 1) Defendant entered a plea of not guilty on March 3, 2005. (D.I. 7) Plaintiff filed an information ("Original 851 Information") to establish prior conviction pursuant to 21 U.S.C. § 851.[4] (D.I. 39) Defendant did not file a response to the Original 851 Information.

A two day jury trial commenced on February 22, 2006, with the jury finding defendant guilty. (D.I. 55) At defendant's sentencing hearing, plaintiff filed, in open court, an Amended 851 Information. (D.I. 74) Plaintiff averred that the Original 851 Information contained a mistake, to wit, it referenced the Judgment instead of the Amended Judgment. (D.I. 75, 77) Because the statute permits the correction of mistakes any time prior to the imposition of sentence, plaintiff filed the Amended 851 Information[5] and requested the court inquire whether defendant affirmed or denied that he had been previously convicted as alleged. Defendant refused to affirm or deny the convictions on

---

[4]This filing reads: "The United States hereby alleges that [d]efendant has a prior conviction for a felony drug offense, to wit, distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A), on or about September 23, 1997, in the United States District Court for the District of Delaware." (D.I. 39)

[5]This filing reads: "The United States hereby alleges that [d]efendant has a prior conviction for a felony drug offense, to wit, distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, on or about November 22, 1999, in the United States District Court for the District of Delaware." (D.I. 74)

4

the basis that the Original 851 Information had been improperly amended. Defendant memorialized this argument by filing a motion to strike the Amended 851 Information. (D.I. 77)

**III. DISCUSSION**

Title 21 U.S.C. § 851(a)(1) provides:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions unless before trial, or before entry of a plea of guilty, the United States [A]ttorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

The requirements of this section are mandatory and an enhanced sentence may not be imposed unless the government has provided constitutionally sufficient notice of the previous convictions to the defendant. United States v. Olson, 716 F.2d 850, 853 (11th Cir. 1983); United States v. Steen, 55 F.3d 1022, 1027 (5th Cir. 1995). Courts have strictly analyzed whether the section's purpose of "providing a defendant with sufficient notice to comply with due process has been satisfied." United States v. Weaver, 267 F.3d 231, 247 (3d Cir. 2001).

Although the section clearly specifies the procedural requirements of notice, the precise information that must be included in the information is not defined. Id. On this point, the focus must be "whether the information which was filed provided [the defendant] reasonable notice of the government's

5

intent to rely on a particular conviction and a meaningful opportunity to be heard" without "elevat[ing] form over substance in doing so." Id. (citations and quotations omitted). To that end, the Third Circuit has noted that the statute specifically provides that clerical mistakes in the information may be amended any time before the pronouncement of sentence. Id.

## IV. CONCLUSION

Considering Weaver as well as the language of § 851, the court finds the Amended 851 Information corrects a clerical mistake contained in the Original 851 Information and, as result, was timely filed. The Original 851 Information, filed prior to his trial, notified defendant that his prior conviction for two felony drug offenses might subject him to an enhanced sentence. Although the referenced judgment was incorrect, the Original 851 Information provided constitutionally sufficient notice of the convictions sought to be used against defendant. By filing the Amended 851 Information which lists the same qualifying offenses with the correct referenced judgment, plaintiff complied with § 851(a)(1).

The parties were also directed to brief whether defendant had waived his right to challenge the convictions by not responding to the Original 851 Information, however, given the court's finding regarding the Amended 851 Information, defendant shall affirm or deny whether he has been convicted as alleged in

6

the Amended 851 Information on or before **December 31, 2006.** An appropriate order shall issue.