IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE JOHNSON, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) Crim. No. 04-103-SLR |
| | ) Civ. No. 08-858-SLR |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM ORDER**

At Wilmington this  ⌀0⊦⊦  day of January, 2010, having considered movant's

omnibus motion for discovery and his letter memorandum asking leave to amend his §

2255 motion, as well as the papers submitted therewith;

IT IS ORDERED that: (1) omnibus motion (D.I. 105) is DENIED; and (2)

movant's request to amend (D.I. 118) is GRANTED, for the reasons that follow:

1. **Background.** Movant's § 2255 motion asserts three ineffective assistance of

counsel allegations regarding his former trial attorney's performance, Mark S.

Greenberg;  one ineffective assistance of counsel allegation regarding his former

appellate attorney's performance, Thomas A. Dreyer;  and one *Brady* claim asserting

that respondent failed to disclose requested cell-phone records and successive lab

reports.  (D.I. 103)  Movant's omnibus motion, which provides additional information

regarding his § 2255 claims, requests that the court grant him leave pursuant to Rules

6, 7, and 12 of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255,

to obtain discovery from his prior counsel and from respondent.  (D.I. 105)  Specifically,

movant asks that both of his former attorneys be required to respond to certain

interrogatories and also that respondent be required to provide any subpoenas for cell-phone records.[1] Alternatively, movant asks the court to hold an evidentiary hearing and to permit representation by counsel.

2. In its response to movant's omnibus motion, respondent asks the court to order movant's former defense counsel, Mark S. Greenberg, Esquire, and movant's former appellate counsel, Thomas A. Dreyer, Esquire, to turn over affidavits responding to the ineffective assistance of counsel claims asserted in movant's § 2255 motion and his omnibus motion to the United States Attorney's Office. (D.I. 111, at p. 3) Respondent also requests that it be permitted to address movant's requests for discovery in its answer. *Id.*

3. The court ordered movant to inform the court in writing as to whether he waives the attorney-client privilege in order to permit his former attorneys to file affidavits in response to the allegations asserted in his § 2255 motion. (D.I. 116) In his reply, movant asserts his refusal to waive the attorney-client privilege "at this point in the proceeding," because the materials requested in the omnibus motion are needed in order to "adequately delineate" the claims presented in his § 2255 motion. (D.I. 117) Movant indicates that he will waive the attorney-client privilege "after he has had the opportunity to receive the requested material stated in the omnibus motion, and has been able to submit a memorandum of law in support of his [] 2255 [motion]. Or, in the alternative, this court holds an evidentiary hearing to ensure that all parties have an

---

[1]Although the successive lab report is mentioned in his *Brady* claim, movant does not request respondent to provide the report, perhaps because respondent provided the report to the defense during the trial. (D.I. 105)

2

equal opportunity to address the issues at hand." (D.I. 117, at p. 3)

4. **Standard.** Unlike the usual civil litigant in federal court, a habeas petitioner is not entitled to broad discovery as a matter of ordinary course; rather, discovery is available in habeas corpus proceedings at the discretion of the court for "good cause" shown. *Bracy v. Gromley*, 520 U.S. 899, 904 (1997); *See* Rule 6, 28 U.S.C. foll. § 2254. "Good cause" is demonstrated when "specific allegations before the court show reason to believe that the [movant] may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09. A fishing expedition for evidence to support claims does not constitute good cause for granting a discovery request in a habeas proceeding. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994).

5. **Interrogatories for defense and appellate counsel.** Movant cites Rules 7(b) and 12 of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, and Rule 33 of the Federal Rules of Civil Procedure, as authority for his request that the court serve interrogatories on his former counsel. As an initial matter, the Supreme Court has held that Federal Rule of Civil Procedure 33 is not applicable to habeas proceedings. *Harris v. Nelson*, 394 U.s. 286, 290 (1969). Additionally, Rule 33 does not permit the service of interrogatories upon movant's former counsel because they are not parties to this § 2255 proceeding.[2] Fed. R. Civ. P. 33(a); *see, e.g., Hall v. Cain*, 2008 WL 437738, at *3 (M.D. La. Sept. 25, 2008); *Richard v. Girdich*, 2007 WL

---

[2]The Federal Rules of Civil Procedure are applicable in § 2255 proceedings, to the extent the civil procedure rules are not inconsistent with the rules governing § 2255 proceedings. *See* Rule 12, 28 U.S.C. foll. § 2255.

3

405863, at *2 (N.D.N.Y. Feb. 1, 2007).  Therefore, Federal Rule of Civil Procedure 33 does not authorize the service of movant's interrogatories in this case.

6.  In turn, although Rule 7 permits the expansion of the record with materials such as "answers under oath to written interrogatories propounded by the judge," the phrase "propounded by the judge" demonstrates that the interrogatories are to be crafted by the judge, not the movant.  Moreover, movant has failed to demonstrate good cause for the court to serve the interrogatories in this case.  Indeed, viewing the interrogatories in conjunction with movant's request for leave to subsequently file an amended § 2255 motion based upon the responses to those interrogatories indicates that movant is on a fishing expedition.  Additionally, despite movant's assertion that he cannot adequately delineate his ineffective assistance of counsel arguments without first having counsels' responses to the interrogatories, the court notes that the questions posed in the interrogatories appear to "adequately" demonstrate the substance of his ineffective assistance of counsel arguments.  Consistent with the procedures utilized in this court, therefore, movant must pose his allegations of ineffective assistance (using his interrogatory questions); the attorneys may be required to answer such allegations by the submission of affidavits.  See Rule 7(b), 28 U.S.C. foll. 2255;  Harris v. Nelson, 394 U.S. 286, 299-300 (1969)(holding that federal courts have the power "to fashion appropriate modes of procedure, including discovery, to dispose of habeas petitions as law and justice require.")

7.  Unfortunately, movant has explicitly asserted that he refuses to waive the attorney-client privilege at this time, and that he temporarily opposes the submission of affidavits and documentation by his former attorneys.  By adopting this stance, movant

4

is improperly attempting to use the attorney-client privilege simultaneously as a shield

and a sword. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).

Movant's reasoning is inexcusably obstructive and specious,[3] especially because he

acknowledges that he has effectively waived the attorney-client privilege by asserting

ineffective assistance of counsel in his § 2255 motion. Moreover, considering the fact

that the questions posed by movant's interrogatories actually effectuate a "partial" and

tailored waiver of the privilege, the court fails to see the purpose behind movant's

"temporary" refusal to permit his former counsel to respond by affidavit to ineffective

assistance of counsel allegations if he crafted those allegations pursuant to his

interrogatories.

8. Although the court feels constrained to abide by movant's **explicit** refusal to

waive the attorney-client privilege, movant's refusal to comply with the court's

procedures will result in a waiver of his ineffective assistance of counsel claims.

Consequently, in an effort to prevent this unfortunate result, as well as in an effort to

promote justice in this proceeding, the court will provide movant with an opportunity to:

(1) amend the instant § 2255 motion to add new claims and to more clearly "delineate"

___

[3]Movant asserts that he wants an opportunity to more "adequately delineate" the claims presented in his § 2255 motion with the answers to the interrogatories. However, in the same document in which he asserts his refusal to waive the privilege, movant explicitly concedes that he "fully understands that by making allegation[s] of ineffective assistance of counsel by Mr. Greenberg and Mr. Dreyer [relating] to evidence outside of the trial record, he essentially waives the attorney-client privilege." (D.I. 117, at p. 2) This concession reiterates the well-settled principle recognized by many federal circuit and district courts, including this court, that a movant implicitly waives the attorney-client privilege with respect to communications with his attorney that are necessary to prove or disprove his claim. *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)(collecting cases).

5

the arguments already raised; and (2) explicitly waive the attorney-client privilege with respect to those ineffective assistance allegations in order to permit his former counsel to respond to such allegations. Failure to so timely amend shall result in dismissal, without prejudice, of his ineffective assistance of counsel claims.

9. **Subpoenas and responses relating to respondent's pre-trial subpoenas for cell-phone records.** In his *Brady* claim, movant asserts that respondent withheld requested cell-phone records, and he asks that the court order respondent to supply "any and all subpoenas that were sent out by the government to obtain cell-phone records," as well as "any and all responses received from the phone companies to whom subpoenas/request for records were sent." (D.I. 105, at p. 10) Movant explains that these "documents are needed to substantiate his claims." *Id.*

10. After reviewing movant's submissions, the court concludes that movant has failed to provide good cause for granting his request at this point in the proceeding. First, movant's statement regarding the need to substantiate his claims demonstrates that the discovery request is a thinly disguised fishing expedition. Second, movant does not assert, and the record does not indicate, that respondent actually subpoenaed any cell-phone records. Third, and perhaps most significantly, movant has failed to demonstrate that he may be entitled to relief if the facts of the *Brady* claim were more fully developed with the production of the subpoenas. More specifically, the record reveals that movant procedurally defaulted the *Brady* claim by never raising it on direct appeal, and nothing in his submissions to date demonstrate the cause and prejudice

6

that would be needed to permit a review of the claim's merits.[4] *United States v. Frady*,
456 U.S. 152, 162-67 (1982)(holding that procedurally defaulted claims cannot be
considered in § 2255 proceedings absent a showing of cause for, and prejudice
resulting from, movant's procedural default). Stated another way, given movant's
procedural default of this *Brady* issue, the court has no basis to believe that ordering
respondent to provide the requested subpoenas and responses may help movant
demonstrate his entitlement to relief. Accordingly, at this juncture, the court will deny
movant's request regarding the production of the subpoenas for cell-phone records.[5]

11. **Evidentiary hearing and representation by counsel**. Movant alternatively
requests that the court hold an evidentiary hearing and issue an order for his
representation by counsel if the court denies his discovery requests. Movant asserts

---

[4]Although it would be premature for the court to fully analyze the procedural
default issue at this stage of the proceeding, whether or not movant's *Brady* claim is
procedurally defaulted is relevant for determining whether granting the instant discovery
request may help movant establish his entitlement to relief. In his § 2255 motion,
movant indicates that he did not raise the *Brady* claim on direct appeal because "this
information" was not available at that time. (D.I. 103) However, the trial transcript
shows that movant knew about the basis for this *Brady* claim on the first day of trial,
because counsel mentioned the absence of the cell-phone records during his opening
statement. (D.I. 62, at pp.72, 121) Consequently, at this stage of the proceeding,
movant's vague assertion that he did not have the records in hand at the time of his
appeal fails to excuse his default because the absence of such records did not prevent
him from raising the instant *Brady* argument on direct appeal.

[5]Nevertheless, as the case proceeds, the need for discovery with respect to
movant's *Brady* claim may become apparent. In fact, respondent has indicated that it
would prefer to respond to this discovery request when it answers the § 2255 motion.
If, perchance, respondent does not satisfactorily address the cell phone record issue,
the court is willing to revisit this issue either *sua sponte* or upon proper motion should it
subsequently appear that such discovery is necessary to afford movant a full and fair
opportunity to litigate his case. *See Harris*, 394 U.S. at 300.

that representation by counsel is necessary in order to determine the prudent course of action in this proceeding. (D.I. 105, at p.11)

12. The court will deny both requests as premature. Having granted movant leave to amend, the court cannot determine if an evidentiary hearing is needed because it cannot foresee if the amended "motion and the files and records of the case [will] conclusively show" that movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. Moreover, movant has no automatic constitutional or statutory right to representation in this proceeding,[6] and he has failed to demonstrate that the interests of justice require such representation at this juncture. *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require"). Movant may renew these requests once he has filed an amended § 2255 motion.

13. **Scheduling Order.** Having determined that movant may amend his § 2255 motion:

a. Movant shall file an amended § 2255 motion asserting all the claims for relief he wishes to pursue by February 28, 2010. Failure to comply with this deadline will result in the court ruling on the pending § 2255 motion as filed.

b. If movant 's amended § 2255 motion alleges ineffective assistance of counsel, he shall inform the court in writing no later than February 28, 2010 as to whether he waives the attorney-client privilege with respect to those claims. If

---

[6]*See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

8

movant waives the privilege, the court will enter an order directing his former attorneys to respond to the ineffective assistance allegations by affidavit and to provide any documentation related to such allegations. If movant does not waive the privilege or fails to comply with this deadline, the ineffective assistance of counsel claims will be dismissed without prejudice.

c. The court shall set deadlines for respondent's answer and movant's reply once the aforementioned filing deadline for movant's amended § 2255 motion has passed.


_____
UNITED STATES DISTRICT JUDGE