IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACKIE JOHNSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Crim. No. 04-103-SLR |
| | ) | Civ. No. 08-858 -SLR |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM ORDER**

At Wilmington this ___ day of April, 2011, having reviewed the above captioned case;

IT IS ORDERED that movant Jackie Johnson's ("movant") "motion to set aside order and judgment pursuant to Federal Rule of Civil Procedure 59(e)" ("Rule 59(e) motion") (D.I. 132) is **DENIED**, for the reasons that follow:

**1. Background.** On January 20, 2011, the court denied movant's "omnibus motion" requesting discovery, an evidentiary hearing, and the appointment of counsel. (D.I. 105; D.I. 120)

2. On January 10, 2011, the court denied movant's § 2255 motion to vacate, set aside, or correct sentence after determining that his *Brady* claim was procedurally barred and his allegations of ineffective assistance were meritless. (D.I. 130; D.I. 131)

3. On January 31, 2011, movant filed the instant Rule 59(e) motion to alter or amend judgment, asking the court to reconsider whether: (1) the government committed a discovery violation by not providing his cell phones and cell phone records for

inspection prior to the suppression hearing; and (2) defense counsel rendered ineffective assistance by not requesting a continuance upon learning of the government's possession of this evidence. (D.I. 132) These claims are the same claims movant asserted in his § 2255 motion.

4. Movant also asks the court to: (1) order the government to "turn over any/all documentation surrounding the cell phones, including, but not limited to, chain of custody of the confiscated cell phones, inventory of [movant's] property at the time of his arrest on both occasions, unredacted copies of the response and request made for the records of the cell phones and their respective companies; (2) conduct an *in camera* review of the aforementioned evidence to determine if his arguments are plausible; and (3) hold an evidentiary hearing to settle any disputed facts and to provide him with an opportunity to physically inspect the cell phones in question. (D.I. 132 at 6-7) Movant contends hat the requested discovery material would have demonstrated the merit of his § 2255 claims.

5. **Standard of Review.** Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). In order to prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

6. **Discussion**. By asking the court to grant his discovery request and hold an

evidentiary hearing, movant appears to be arguing that the court committed legal error in denying his previous discovery request; in failing to conduct an evidentiary hearing; and in ultimately denying his § 2255 motion.

7. Although movant's assertion of a legal error is properly raised in a Rule 59(e) motion, see *Fiorelli*, 337 F.3d at 288, movant has failed to convince the court that reconsideration of its memorandum opinion and order denying his § 2255 motion is warranted. For instance, the court denied movant's initial motion for discovery after determining that his broad request constituted an improper fishing expedition for potential claims. (D.I. 120 at 6-7) The court denied movant's prior request for an evidentiary hearing as premature because movant intended to amend his § 2255 motion and it would not have made sense to conduct an evidentiary hearing on claims that may or may not be raised in the future. (D.I. 120 at 7-8) And, after reviewing movant's amended § 2255 motion in context with the record, the court again concluded that an evidentiary hearing was not warranted. (D.I. 130 at 21-22)

8. In this proceeding, movant contends that the requested cell phone documentation would have altered the court's resolution of his claims. This contention, however, amounts to nothing more than mere speculation. As explained in the court's memorandum opinion, even without having received all of the alleged cell phone records (as described in movant's omnibus motion and Rule 59(e) motion), trial counsel consistently argued that the government had not produced any evidence linking any of movant's cell phones with the confidential informant or the informant's cell phone. Nevertheless, the jury convicted movant after only 30 minutes of deliberation, deciding that the other significant evidence established movant's guilt of possession of cocaine

3

with intent to distribute beyond a reasonable doubt. (D.I. 120 at 10) The other significant evidence included the following: (1) movant brought the drugs in question with him to the University Plaza Mall, which was the same location where the drug transaction arranged by the confidential informant was scheduled to take place; (2) while movant was driving in and around the mall, officers saw movant holding a cellular phone and speaking into it during the times that the confidential informant was arranging the delivery via his cell phone; (3) movant drove evasively while in the mall parking lot, suggesting that he knew he had contraband with him and that he did not want to be caught; (4) when confronted by police officers, movant put his car in reverse and crashed into another vehicle, suggesting knowledge of guilt; and (5) movant did, in fact, have crack cocaine in his car, which was in plain view and sticking out of an armrest next to the driver's seat. (D.I. 120 at 19-20)

9. Having determined that movant's speculative and convoluted argument fails to demonstrate that the court committed a manifest error of law in denying movant's § 2255 motion, the court concludes that the instant Rule 59(e) motion does not warrant reconsideration of its decision. The court also declines to issue a certificate of appealability, because movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE