IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE JOHNSON, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| ) | |
| v. ) | Crim. No. 04-103-SLR |
| ) | Civ. No. 08-858-SLR |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that movant Jackie Johnson's ("movant") Rule 60(b) motion for reconsideration (D.I. 139) is **DENIED**, for the reasons that follow:

**1. Background.** On September 28, 2004, movant was indicted on one count of possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). (D.I. 1) A two-day jury trial was held in February 2006 and, after deliberating for approximately 30 minutes, the jury convicted movant as charged. Movant filed a post trial "motion for a judgment of acquittal and new trial pursuant to Fed. R. Crim. P. 29 & 33", which the court denied on June 14, 2006. (D.I. 58; D.I. 67; D.I. 68) On January 30, 2007, the court sentenced movant to 240 months of imprisonment and a 10-year term of supervised release, and ordered movant to pay a $100 special assessment. (D.I. 92)

2. Movant appealed, and the Third Circuit Court of Appeals affirmed movant's conviction on October 2, 2008. (D.I. 93; D.I. 102)

3. Movant filed a timely § 2255 motion, and then he filed an amended § 2255 motion with the court's permission. (D.I. 103; D.I. 121) The government filed an answer asking the court to deny the motion in its entirety. (D.I. 123) Thereafter, in August 2010, movant filed a second amended § 2255 motion adding a new argument that he should receive a new sentencing hearing under the Fair Sentencing Act of 2010. (D.I. 129)

4. In a memorandum opinion and order dated January 7, 2011, the court denied movant's 2255 motion in its entirety. (D.I. 130; D.I. 131)

5. Movant filed a motion for Rule 59(e) motion for reconsideration, which the court denied on April 27, 2011. (D.I. 132; D.I. 136)

6. Movant appealed the denial of his § 2255 motion, and the Third Circuit Court of Appeals terminated the appeal on June 9, 2011. (D.I. 138)

7. On August 6, 2012, movant filed a Rule 60(b) motion for reconsideration of this court's denial of his § 2255 motion. (D.I. 139)

8. **Standard of Review.** A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

2

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

9. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

10. Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a movant's § 2255 motion, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

3

cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

10. **Discussion.** In his Rule 60(b) motion, movant contends that the court should reconsider its denial of his first 2255 motion because it failed to review said motion under the more liberal standards applicable to pro se filings. However, movant then primarily reasserts the same arguments set forth in his first § 2255 motion, and requests that the court conduct an evidentiary hearing on his *Brady* claim.

11. The court is not persuaded by movant's argument for reconsideration. Although he creatively challenges the stringency of review applied to his first § 2255 motion, his substantive arguments collaterally attack his underlying conviction with the same arguments asserted in his § 2255 motion. Thus, the court concludes that the instant Rule 60(b) motion constitutes a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2255.

12. The record reveals that movant did not obtain permission from the Third Circuit Court of Appeals to file the instant motion. Accordingly, the court denies movant's motion as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

13. In addition, even if the court were to treat the instant Rule 60(b) motion as a true motion for reconsideration rather than as a second or successive § 2255 motion, it would deny the motion for failing to satisfy the standards outlined in Rule 60(b).

14. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE

5