IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE JOHNSON, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) Crim. No. 04-103-SLR |
| | ) Civ. No. 14-796-SLR |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM**

1. **Background.** In 2006, a jury convicted movant of possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (B)(1)(A). (D.I 55) He was sentenced to 240 months in prison. (D.I. 92) Movant timely appealed the conviction and sentence, asserting that the court erred in declining to give the jury instruction he requested. *See United States v. Johnson,* 292 F. App'x 178 (3d Cir. 2008). On September 10, 2008, the Third Circuit rejected movant's argument and affirmed his conviction and sentence. *Id.* at 181.

2. In November 2008, movant filed a § 2255 motion alleging that both trial and appellate counsel provided ineffective assistance, and that the government violated his due process rights by failing to disclose *Brady* material. (D.I. 103) The government filed an answer asserting that the *Brady* claim should be denied as procedurally defaulted, and that the ineffective assistance of counsel claims should be denied as meritless. (D.I. 123) In August 2010, movant filed an amended § 2255 motion contending that he should be resentenced under the Fair Sentencing Act of 2010

("FSA"). (D.I. 129) In a memorandum opinion and order dated January 7, 2011, the court denied movant's § 2255 motion after determining that his *Brady* claim was procedurally defaulted, his ineffective assistance of counsel claims were meritless, and his FSA argument was unavailing because the FSA does not apply retroactively to defendants who were convicted and sentenced prior to its August 3, 2010 effective date. (D.I. 130; D.I. 131)

3. Movant filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which essentially reasserted the *Brady* and ineffective assistance claims previously denied by the court, and also requested further discovery. (D.I. 132) The court denied the motion for reconsideration. (D.I. 136)

4. Movant appealed the denial of his § 2255 motion and his Rule 59(e) motion. The Third Circuit Court of Appeals denied the appeal on June 9, 2011. (D.I. 138)

5. In August 2012, movant filed a second motion for reconsideration, this time pursuant to Federal Rule of Civil Procedure 60(b). (D.I. 139) The court denied the Rule 60(b) motion after concluding that it constituted an unauthorized second or successive § 2255 motion. (D.I. 141) Movant did not appeal that decision.

6. Presently pending before the court is movant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed in June 2014. (D.I. 145) In the instant § 2255 motion, movant contends that he has newly discovered evidence demonstrating his actual innocence. Movant also requests an evidentiary hearing (D.I. 145 at 13) and representation by counsel (D.I. at 5-6).

7. **Standard of Review.** Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive motion under 28

2

U.S.C. § 2255 without first seeking and receiving approval from the appropriate court of appeals. See 28 U.S.C. § 2255 (h); 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Absent such authorization, a district court lacks jurisdiction to consider the merits of a subsequent § 2255 motion. See 28 U.S.C. § 2244(b)(4); Pelullo v. United States, 487 F. App'x 1, 2 n.2 (3d Cir. 2012); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003). A § 2255 motion constitutes a second or successive § 2255 motion if a prior § 2255 motion challenging the same conviction was denied on the merits. See 28 U.S.C. § 2255(h)(l); 28 U.S.C. § 2244(b)(3)(A).

8. **Discussion.** In the instant § 2255 motion, movant contends he is actually innocent, because the drugs introduced into evidence at his November 2005 trial were not the same drugs that were seized at the time of his arrest in December 2003. Movant asserts that the recent discovery of "chain of custody" problems with drug evidence in the Delaware Medical Examiner's Office ("DME") demonstrates his actual innocence. He supports this contention with several articles from the Delaware News Journal and a report by Andrews International discussing the documentation inconsistencies for drug evidence that occurred in the DME's office. (D.I. 145; D.I. 150) Presumably in an attempt to show how the problems in the DME's Office affect his case, movant specifically references one sentence in a Delaware News Journal article stating that the former Chief Medical Examiner, Dr. Callery, is suspected to have been in neglect of his position since at least the year 2000. (D.I. 150 at 3)

9. The court's denial of movant's first § 2255 motion constitutes an adjudication

3

on the merits for second or successive purposes. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(a court's denial of a petitioner's first habeas application as procedurally barred constitutes an adjudication on the merits for second or successive purposes)(collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). Therefore, the court concludes that the instant § 2255 motion is second or successive.

10. Movant attempts to avoid the second or successive bar by arguing that the News Journal articles and report constitute "newly discovered evidence" for § 2255(h)(1) purposes. The court notes that a preliminary report issued by the Delaware State Police and the Delaware Department of Justice regarding the "systemic operational failings of the [Controlled Substances Unit of the DME's Office]" has "thus far revealed 51 pieces of potentially compromised evidence at the CSU, stemming from 46 cases **between 2010 and 2013**." *Biden: Investigation of State Medical Examiner's Drug Lab Reveals Systemic Failings, Urgent Need for Reform*, Dep't of Justice, Att'y Gen.'s Website (June 19, 2014), http://news.delaware.gov/ (emphasis added). Considering that movant's trial took place in 2005, the court is not convinced that the irregularities that occurred in the DME's Office starting in 2010 constitute newly discovered evidence sufficient to establish his actual innocence. Nevertheless, the

4

Third Circuit Court of Appeals, and not this court, must determine whether or not movant's documentation triggers the § 2255(h)(1) exception to the second or successive bar. See 28 U.S.C. § 2255(h).

11. The record does not contain any indication that movant obtained an order from the Third Circuit Court of Appeals allowing this court to consider the instant second or successive § 2255 motion. Accordingly, the court will dismiss the instant motion for lack of jurisdiction. See 28 U.S.C. § 2244(b)(1); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(if a movant files a second or successive motion "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

12. The court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

13. **Conclusion.** For the above reasons, the court will dismiss the instant application as second or successive. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: October 29, 2014

*[signature]*
UNITED STATES DISTRICT JUDGE